```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Matthew W. Peters

    v.                                          Civil No. 15-cv-025-LM

William L. Wrenn, New Hampshire
Department of Corrections Commissioner

### REPORT AND RECOMMENDATION

Before the court is the complaint (doc. no. 1) filed by New Hampshire State Prison ("NHSP") inmate Matthew W. Peters, naming William Wrenn, the New Hampshire Department of Corrections ("DOC") Commissioner, as the defendant. The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

### Preliminary Review Standard

The court may dismiss claims asserted in an inmate's complaint if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.

See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Peters, a New Hampshire State Prison ("NHSP") inmate, is a member of what he calls a "brotherhood," considered to be a "security threat group" ("STG") by the DOC.  Peters asserts violations of his rights under the Eighth and Fourteenth Amendment, relating to a state law enacted in 2014 that treats STG members differently than other inmates.

Peters's complaint challenges N.H. Rev. Stat. Ann. ("RSA") § 651-A:22-a, a statute authorizing "earned time" reductions in the minimum and maximum sentences of a subset of low security status inmates who successfully complete the educational, vocational, and therapeutic programs listed in that statute.  See RSA § 651-A:22-a, I (DOC commissioner shall award to

prisoner, or recommend that prisoner receive, one-time reduction in his or her minimum and maximum sentences for successful completion of listed programs).  Inmates sentenced after the effective date of the law may receive such earned time reductions if the sentencing court granted them that option at the time of sentencing.  See RSA § 651-A:22-a, II.  For inmates, like Peters, whose sentences were imposed prior to the effective date of the statute, sentence reductions for completing programs are available only upon the recommendation of the DOC commissioner, with the sentencing court's approval, after the prisoner files a timely petition in the sentencing court for an earned time sentence reduction.  See id.  The law further specifically disqualifies from eligibility all inmates who are not "in the least restrictive security classifications of general population and minimum security," and provides that "earned time may be forfeited for <u>involvement or membership in a security threat group</u>, attempted escape, escape, or commission of any category A offense listed in the [DOC] policy and procedure directives."  RSA § 651-A:22-a, III (emphasis added).

**Discussion**

I. <u>Equal Protection</u>

Peters alleges that the statute improperly and irrationally distinguishes between members of STGs and other inmates, in making earned time reductions subject to forfeiture for STG involvement.  <u>See</u> <u>id.</u>  The recent enactment of the statute at issue, the absence of DOC regulations or policies implementing the statute and/or relating to STG membership in the record before this court, and questions regarding the DOC's policy, if any, on the security classification of STG members, are factors warranting an order directing service of Peters's equal protection claim upon defendant.  Accordingly, without prejudice to defendant's ability to move to dismiss the complaint on any proper basis, in a separate order issued on this date, the court has directed service of the complaint upon the DOC Commissioner, with respect to Peters's equal protection claim.

II. <u>Cruel and Unusual Punishment</u>

Peters asserts that by demoralizing and devaluing STG members relative to other inmates, the statute violates the Eighth Amendment's prohibition against cruel and unusual punishment.  The Cruel and Unusual Punishment Clause "proscribes

more than physically barbarous punishments." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

> The [Eighth] Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . .," against which [courts] must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society[,] or which "involve the unnecessary and wanton infliction of pain."

Id. at 102-03. Assuming that RSA § 651-A:22-a's differential treatment of STG members and demoralizing effects on them could be deemed "punishment," such differential treatment and effects cannot be deemed "incompatible" with emerging societal standards of decency, or to involve the unnecessary and wanton infliction of pain. Accordingly, the district judge should dismiss Peters's Eighth Amendment claim.

## Conclusion

For the foregoing reasons, the district judge should dismiss Peters's Eighth Amendment claim. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De

Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 10, 2015

cc: Matthew W. Peters, pro se