```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Matthew W. Peters

    v.                                              Civil No. 15-cv-25-LM

William L. Wrenn, Commissioner,
New Hampshire Department of
Corrections


### REPORT AND RECOMMENDATION

Matthew Peters, an inmate in the New Hampshire State Prison ("NHSP" or "prison"), has sued William Wrenn, the Commissioner of the New Hampshire Department of Corrections ("DOC"). Through the mechanism of 42 U.S.C. § 1983, Peters challenges, on equal protection grounds, a New Hampshire statute pertaining to "earned time credits" that may reduce the length of an inmate's sentence of incarceration in the NHSP. See N.H. Rev. Stat. Ann. ("RSA") § 651-A:22-a. Before me for a report and recommendation is defendant's motion to dismiss (doc. no. 21). Plaintiff objects (doc. no. 22). For the reasons that follow, it is recommended that defendant's motion to dismiss be granted.

### Standard

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), a

trial court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the pleader's favor." Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 (1st Cir. 2014), cert. denied, 135 S. Ct. 2380 (2015). Peters's complaint "will survive [defendant's] Rule 12(b)(6) motion to dismiss [his] federal constitutional claim[] . . . in this § 1983 action only if [his] pleadings plausibly establish that [defendant] violated [his] federal constitutional rights." Mulero-Carrillo v. Román-Hernández, 790 F.3d 99, 105 (1st Cir. 2015), petition for cert. filed, No. 15-514 (U.S. Oct. 12, 2015).

## Background

The facts recited in this section are drawn from Peters's complaint. Peters was sentenced to a term of incarceration in the NHSP in February 2014. In his complaint, he describes himself as being "in a brotherhood." Compl., Doc. No. 1 at 3. The NHSP, in turn, considers that organization to be a security threat group ("STG").

Inmates in the NHSP are entitled to reductions in their minimum and maximum sentences, called "earned time credits," upon the completion of various educational, vocational, mental

health, and parenting programs offered by the prison.  See RSA § 651-A:22-a, I.  Given the starting date of Peters's incarceration, earned time credits are available to him "upon recommendation of the commissioner [of the DOC] and upon approval of the sentencing court in response to a petition which is timely brought by the prisoner."  RSA § 651-A:22-a, II.  There are, however, two limitations to an inmate's entitlement to earned time credits:

> The earned time reductions authorized in paragraph I of this section shall only be earned and available to prisoners while in the least restrictive security classifications of general population and minimum security.  The earned time may be forfeited for involvement or membership in a security threat group, attempted escape, escape, or commission of any category A offense listed in the department of corrections policy and procedure directives.

RSA § 651-A:22-a, III.

According to Peters, RSA § 651-A:22-a, III, violates the Fourteenth Amendment by depriving inmates in STGs of their rights to the equal protection of the law.

## Discussion

Defendant moves to dismiss, arguing that: (1) Peters's claim is not ripe for adjudication; and (2) RSA § 651-A:22-a, III, does not violate the Fourteenth Amendment.  I consider each

argument in turn.

## I. Ripeness

Defendant argues that plaintiff has alleged no facts that would make his claim ripe for adjudication. Specifically, defendant points out that plaintiff has not alleged that he is enrolled in any of the programs that, if successfully completed, would entitle an inmate to earned time credit nor has he alleged that he has forfeited any such credit due to membership in an STG. In his objection, plaintiff identifies several programs he has completed, and describes a response to an inmate request slip in which the Commissioner told him that he would not be considered for earned time credit so long as he was deemed to be a member of an STG. On the other hand, he has not alleged that he has ever actually initiated the process of applying for earned time credits that is set out in RSA § 651—A:22-a, II.

Rooted in the "Constitution's case-or-controversy limitation on federal judicial authority," Ariz. State Legis. v. Ariz. Indep. Redist. Comm'n, 135 S. Ct. 2652, 2663 (2015), "[r]ipeness is an Article III jurisdictional requirement." Verizon N.E., Inc. v. Int'l Broth. of Elec. Workers, 651 F.3d 176, 188 (1st Cir. 2011). "[W]here challenges are asserted to government actions and ripeness questions arise, a court must

consider both 'fitness' for review and 'hardship.'" Town of Barnstable v. O'Connor, 786 F.3d 130, 143 (1st Cir. 2015) (quoting Verizon, 651 F.3d at 188)). "The 'fitness for review' inquiry centers upon 'whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all.'" Town of Barnstable, 786 F.3d at 143 (citation omitted). The hardship inquiry "turns on 'whether granting relief would serve a useful purpose, or, put another way, whether the sought-after [judgment] would be of practical assistance in setting the underlying controversy to rest.'" Id. (quoting Verizon, 651 F.3d at 188).

Here, defendant argues that plaintiff's claim is not fit for review because it is entirely contingent upon events that may or may not occur, such as a denial of earned time credits based upon the NHSP's designation of Peters as a member of a STG. Out of an abundance of caution, the court will presume that, based upon Peters's complaint and his objection to defendant's motion to dismiss, Peters has adequately alleged a case and controversy sufficient to satisfy the ripeness requirement. Accordingly, I turn to defendant's second argument.

**II. On the Merits**

Plaintiff's equal protection claim is that RSA § 651-A:22-a, III, impermissibly distinguishes between inmates who are, and are not, members of STGs by denying earned time credits to inmates who are members of STGs. Defendant argues that RSA § 651-A:22-a, III, passes constitutional muster. This court agrees.

Under the Fourteenth Amendment, all persons subject to the jurisdiction of the United States are guaranteed "the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause contemplates that similarly situated persons are to receive substantially similar treatment from their government." Davis v. Coakley, 802 F.3d 128, 132 (1st Cir. 2015) (citation omitted). Moreover, "[t]he Fourteenth Amendment's Equal Protection Clause prohibits a state from treating similarly situated persons differently because of their classification in a particular group." Mulero-Carrillo, 790 F.3d at 105-06.

> To establish an equal protection claim, a plaintiff needs to allege facts showing that "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."

6

Davis, 802 F.3d at 132-33 (citations omitted).

At issue in this case is the classification embedded in RSA § 651-A:22-a, III, which distinguishes between inmates who are members of STGs and those who are not, for the purpose of awarding earned time credits.  Where a government classification is not based upon a suspect category, and does not affect a fundamental constitutional right, the classification is permissible so long as it is rationally related to a legitimate government purpose.  See Mulero-Carrillo, 790 F.3d at 107; see also Harbin-Bey v. Rutter, 420 F.3d 571, 576 (6th Cir. 2005) ("Legislation is generally presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.").

Here, plaintiff's complaint cannot reasonably be construed as alleging either that he is a member of a suspect class or that the statute at issue pertains to a fundamental right.  Nor is there any good argument to be made for either of those positions.  Cf. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Harbin-Bey, 420 F.3d at 576 ("Inmates are not a suspect class.").

Thus, as in Mulero-Carrillo, plaintiff's claim in this case "is within an area of social . . . policy, where a legislative 'classification . . . neither proceeds along suspect lines nor infringes fundamental constitutional rights [and] must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'"  Mulero-Carrillo, 790 F.3d at 107 (citation omitted).  Under rational-basis review:

> "[C]hoices made by . . . regulatory bod[ies] are . . . rebuttable only where the party challenging the . . . regulation can establish that 'there exists no fairly conceivable set of facts that could ground a rational relationship between the challenged classification and the government's legitimate goals.'"  Plaintiffs bear the burden of "negat[ing] any conceivable basis which might support" that set of "fairly conceivable" facts.

Id. (citations omitted).

RSA § 651-A:22-a, III, satisfies rational-basis review.  In his complaint, Peters contends that the statute is bad policy, because it provides no incentive for the inmates who are most in need of programming to engage in it, and allows inmates convicted of serious crimes to have the benefit of earned time credit, so long as they are not designated as members of STGs.  Whether those are valid concerns is beside the point; what matters for equal protection is that plaintiff has not negated the proposition that providing a disincentive for inmates to

8

join STGs is rationally related to the NHSP's legitimate interest in enhancing prison security by discouraging membership in security threat groups.  No more than that is necessary to uphold RSA § 651-A:22-a, III, against Peters' equal protection challenge.

## Conclusion

For the reasons detailed above, the district judge should grant defendant's motion to dismiss (doc. no. 21).  Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 1, 2015

cc:  Matthew W. Peters, pro se
     Elizabeth A. Lahey, Esq.
     Lynmarie C. Cusack, Esq.