UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew W. Peters

   v.                               Civil No. 15-cv-025-LM

James Azzara[1]

## REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss (doc. no. 57) the Amended Complaint (doc. no. 53).  Plaintiff, New Hampshire State Prison ("NHSP") inmate Matthew W. Peters, has objected.  See Doc. No. 58.  The motion to dismiss (doc. no. 57) should be granted in part, and otherwise denied, for reasons stated below.

## Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, in evaluating a motion to dismiss, the court accepts

---

[1]Plaintiff originally named New Hampshire Department of Corrections Commissioner William Wrenn as a defendant and sought leave to add additional defendants.  This court has dismissed the claims pending against Wrenn and has dropped him as a defendant.  The court also granted plaintiff leave to amend the complaint to add an Eighth Amendment claim against James Azzara.  See Dec. 17, 2015, Order (doc. no. 52) (approving both Dec. 1, 2015, Report and Recommendations (doc. nos. 49, 50)).  There are no other defendants remaining in this action.

the factual allegations in the complaint as true, construes reasonable inferences in plaintiff's favor, and determines whether the factual allegations state a claim upon which relief may be granted. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014). As plaintiff is proceeding pro se here, his pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

In considering whether the complaint states a claim, the court's scope of review is limited. The court may consider "'facts and documents that are part of or incorporated into the complaint,'" as well as "'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted).

## Discussion

### I. Equal Protection Claim

The motion to dismiss (doc. no. 57) is moot, in part, to the extent it seeks dismissal of the equal protection claim in the Amended Complaint, as the court dismissed that claim on December 17, 2015. See Order (doc. no. 52) (approving Report and Recommendations (doc. no. 49 and 50) issued December 1, 2015 ("R&R No. 49" and "R&R No. 50")). Further, in plaintiff's

objection (doc. no. 58) to the instant motion to dismiss (doc. no. 57), plaintiff has "concede[d]" that the equal protection claim may be dismissed. Doc. No. 58, at 1. Therefore, the district judge should deny, as moot, the motion to dismiss, to the extent it seeks dismissal of the equal protection claim.

## II.  Due Process

### A.  Background

Defendant has moved to dismiss the due process claim asserted in the Amended Complaint. This court previously dismissed the Amended Complaint's due process claim, in the form in which it had been construed by the magistrate judge, when the court approved R&R No. 50. See Order (doc. no. 52) (approving R&R No. 50).

Plaintiff's objection to the motion to dismiss (doc. no. 58) clarifies that he intended to assert a different type of due process claim than the one construed by the magistrate judge and dismissed by this court. Plaintiff clarifies that claim, as follows:

> 1. Defendants violated plaintiff's Fourteenth Amendment right to due process by failing to provide plaintiff with fair procedures for denouncing his affiliation with a security threat group ("STG"), when Peters's eligibility for earned time credits, under N.H. Rev. Stat. Ann. ("RSA") § 651-A:22-a and Department of Corrections ("DOC") Policy and Procedure Directive ("PPD") 5.11, require that he not be involved with an STG.
>
> Under state law, inmates in the NHSP may receive reductions

3

in their minimum and maximum sentences, called "earned time credits," by completing various programs offered by the prison. See RSA § 651-A:22-a, I.  Earned time credits can be earned while inmates are "in the least restrictive classifications of general population and minimum security."  RSA § 651-A:22-a, III.  Earned time credits "may be forfeited for involvement or membership in a security threat group."  Id.

Under DOC PPD 5.11 (doc. no. 21-3) inmates involved in STGs are categorically ineligible for earned time credits, unless those inmates "formally denounce" their gang affiliation.[2]  PPD 5.11 places the determination of an inmate's STG involvement, and eligibility for earned time credits, within the DOC Commissioner's "sole discretion."

In February 2015, Peters submitted an Inmate Request Slip ("IRS") to NHSP Investigations, stating that he was formally denouncing his STG membership, that he had cleaned up his life and had taken courses to better his life, but that he did not

---

[2] PPD 5.11 ¶ V(A)(2) states, as follows:

> [STG] Involvement: Any inmate actively associated with and/or identified as being involved with any [STG] is not eligible for any earned time credits under this policy. The inmate shall formally denounce his/her gang affiliation to become eligible for earned time credits under this policy.  An inmate's eligibility for earned time . . . is at the sole discretion of the [DOC] Commissioner . . . .

4

want to "debrief" or "rat" because he did not believe in it, and did not want to be labeled as a "rat" and risk harm from other inmates. See Doc. No. 58-1, ¶ 5; Doc. No. 14-3, at 1. The responding officer stated that Investigations would follow up with Peters. Id. Peters filed additional requests and grievances complaining about the inaction of Investigations, his continued ineligibility for earned time, and his concern that prison officials had not established procedures through which he could become eligible for earned time. See, e.g. Doc. No. 58-1, ¶¶ 6-8, 11; Doc. No. 14-1, at 1. Peters has not obtained relief through the prison's administrative process.

B. Analysis

The Fourteenth Amendment provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a due process claim, a plaintiff must assert facts showing that he has suffered a deprivation of a protected interest in life, liberty, or property. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976); Gonzalez-Fuentes v. Molina, 607 F.3d 864, 880 n.13 (1st Cir. 2010).

"It is settled that a statute providing for early release or other benefits under stipulated conditions may sometimes confer upon prison inmates a liberty interest protected by the

Due Process Clause." Hamm v. Latessa, 72 F.3d 947, 953 (1st Cir. 1995). Assuming, without deciding, that the earned time credit law may give rise to a protected liberty interest in some circumstances, Peters has not shown that prison officials have deprived him of any protected liberty interest.

Peters alleges that he was given his STG designation before the earned time program was enacted in September 2014. See IRS, Feb. 1, 2015 (doc. no. 14-3, at 1). He therefore could not have accrued any earned time credits before he acquired the STG designation. Accordingly, Peters has not shown that prison officials' failure to remove his STG designation in 2015 deprived him of any earned time credits he had accrued prior to acquiring the STG designation.

Peters seeks to analogize his circumstances to cases involving inmates classified by prison officials as sex offenders who are granted no process through which they may challenge that stigmatizing classification. In such cases, courts have recognized a protected liberty interest in not being labeled by prison officials as a sex offender, where such a label damages an inmate's reputation and causes an atypical loss of eligibility for early release, and courts have required prison officials to establish procedures through which inmates can challenge that label. See, e.g., Chambers v. Colo. Dep't of

Corrs., 205 F.3d 1237, 1242-43 (10th Cir. 2000). Such cases, however, are inapposite to Peters's case.

In Chambers, prison officials labelled an inmate as a sex offender based on allegations the inmate had denied and upon which he had never been convicted. Prison officials continued to allow the inmate to accrue good time credits at the same rate as other inmates, until a point in time when the prison reduced the rate of accrual because of the sex offender label. The Tenth Circuit concluded that it was the "removal" of the inmate's eligibility for earning good time at the same rate as other inmates, coupled with the stigma of being labeled a sex offender, which gave rise to a liberty interest. See id. at 1243.

Here, Peters does not dispute that he was once a member of a violent prison gang. Peters has asserted that he became involved in a prison gang, known as "BOWW" (the Brotherhood of White Warriors) in 2010, and that crimes relating to his involvement in BOWW resulted in the enhancement of his sentence in 2013. See, e.g., Doc. No. 22, at 2. Thus, Peters's STG affiliation was established well before the DOC's designation of him as an STG member rendered him ineligible for earned time, pursuant to PPD 5.11, in 2014. Chambers does not provide authority for finding a viable due process claim here, as there

7

is no suggestion that Peters's STG designation was based on conduct in which Peters did not engage, or for which Peters was never convicted, and Peters's STG designation predated the law that gave inmates any opportunity to accrue earned time.

Peters also asserts it was unfair for the prison not to have specific, written procedures through which an inmate could seek to have an STG designation removed from prison records. The allegations in and attachments to Peters's Amended Complaint indicate, however, that Peters had the opportunity to use the grievance process to request that his STG designation be removed from prison records.  While some of Peters's requests and grievances did not receive substantive answers, the Commissioner's Office replied substantively to at least one such request.  See, e.g., Doc. Nos. 53, ¶¶ 13-36; Doc. No. 53-16. Peters does not dispute that his efforts to obtain relief from prison officials have been unsuccessful.

To the extent Peters intends to invoke the substantive protections of the Due Process Clause to challenge prison officials' response to his grievances as unfair, Peters has not shown that a substantive due process violation has occurred in his case.  To state a claim that executive action violates substantive due process, a plaintiff must allege facts showing that the state actor's conduct "objectively 'shocks the

conscience.'" S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc., 775 F.3d 82, 91 (1st Cir. 2014) (citation omitted). "'[T]he requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error.'" Id. (citation omitted). Even bad faith is not necessarily enough. Id. at 93.

The decision not to remove Peters's STG designation, see Doc. No. 53 ¶ 30, does not sink to the level of a substantive due process violation. While Peters has stated that he no longer considers himself a gang member, that he has taken "every opportunity" at NHSP to demonstrate he is no longer a gang member, and that he faces a real risk of inmate violence now as a result of his actions, see, e.g., Doc. No. 22 at 2, Peters stated in an IRS that he did not want to "rat" or "debrief," because he did not "belie[ve]" in doing so, and did not want to risk being harmed by other inmates. Doc. No. 14-3, at 1. Prison officials could construe Peters's stated belief against debriefing as showing some kind of residual loyalty to a gang or its protocols. Peters's pleadings in this case, filed in January 2015, also manifested at least a rhetorical self-identification with BOWW; indeed, the court, in its preliminary review of the complaint, construed such statements as evincing that Peters considered himself to be a BOWW member. See, e.g.,

9

Compl. ¶ III (doc. no. 1, at 3) ("If [a] murderer and rapist can get good time, why can't I because I'm in a brotherhood?"). Although Peters has since clarified that he meant to say only that DOC considered him to be a gang member even though he was not a member any more, it would not shock the conscience for the Commissioner, like the court, to take the pleadings at face value, in finding evidence that Peters had not separated himself from BOWW. The Commissioner's decision to retain the STG designation for Peters in DOC records not only relates to a matter of prison safety and security as to which judicial deference is proper, see Cutter v. Wilkinson, 544 U.S. 709, 712 n.13 (2005), but also, in Peters's case, the decision is not arbitrary or capricious. Cf. S. Commons Condo. Ass'n, 775 F.3d at 91. The district judge should thus grant defendants' motion to dismiss Peters's due process claim.

### III. Eighth Amendment Endangerment Claim

Defendant seeks dismissal of the Eighth Amendment endangerment claim asserted against James Azzara. This court previously identified the following claim and ordered it served:

> 2. DOC Investigator James Azzara in February 2015 failed to protect Peters by stating in an open space in the Special Housing Unit ("SHU"), within earshot of other inmates, that an investigator would speak with Peters, thereby subjecting Peters to a substantial risk of inmate violence, with deliberate indifference to that risk.

Upon approving R&R No. 50, this court accepted the finding

that the facts alleged in the complaint were sufficient to state a claim upon which relief could be granted against Azzara in his individual capacity, pursuant to 42 U.S.C. § 1983.  The standard applied by the court in making that determination is the same standard that is applied in considering a motion pursuant to Fed. R. Civ. P. 12(b)(6).  Nothing stated in defendant's motion to dismiss warrants reconsideration of the court's previous determination with respect to the endangerment claim.  Matters alleged in plaintiff's objection to the motion to dismiss, see Doc. No. 58-2 at 2-3, relating, in general, to information known by inmates about Azzara's job, BOWW's reputation for murdering inmates who speak to Azzara, and BOWW's specific response to overhearing Azzara's comments, provide additional support for this court's conclusion that the Amended Complaint states a claim upon which relief can be granted.  The district judge's order denying that part of the motion to dismiss will trigger Azzara's duty under Fed. R. Civ. P. 12(a)(4)(A) to file an answer to the Amended Complaint within fourteen days, specifically with respect to the Eighth Amendment endangerment claim, as clarified by allegations in plaintiff's objection to the motion to dismiss, Doc. No. 58-2, at pp. 2-3.

## IV.    Injunctive Relief

The motion to dismiss (doc. no. 57) should be granted to

11

the extent it seeks dismissal of plaintiff's request for an injunction to remove his STG designation at the prison, and to establish new policies relating to STGs.  Peters has clarified that those requests are for permanent injunctions, and are not requests for preliminary injunctions.  The district judge has dismissed the equal protection claim and due process claims asserted against prison officials, upon which the requests for injunctive relief were based, leaving in this case only an Eighth Amendment claim for damages asserted against an individual.  The claim against Azzara does not appear remediable through the type of injunctive relief requested by Peters.  Accordingly, the district judge should grant the motion to dismiss Peters's requests for injunctive relief, without prejudice to his ability to reassert such requests in the future, if warranted.


## **Conclusion**

For the foregoing reasons, the motion to dismiss (doc. no. 57), should be granted, in part, to the extent it seeks to dismiss Peters's due process claim and requests for injunctions relating to his STG designation and prison STG policies.  The motion to dismiss (doc. no. 57) should be otherwise denied, triggering Azzara's duty, pursuant to Fed. R. Civ. P.

12(a)(4)(A), to file an answer to the Amended Complaint within fourteen days, with respect to the Eighth Amendment claim.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 4, 2016

cc: Matthew W. Peters, pro se
    Elizabeth A. Lahey, Esq.
    Lynmarie C. Cusack, Esq.