UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew W. Peters

   v.                                                Civil No. 15-cv-025-LM

James Azzara

### REPORT AND RECOMMENDATION

Before the court is plaintiff's complaint addendum (doc. no. 67). The complaint addendum asserts that prison officials told plaintiff on June 2, 2016 that they were transferring him against his will to Pending Administrative Review status, and that he would be placed in administrative protective custody, against his will. Plaintiff asserts that the transfer and its negative impact on his ability to finish courses in which he was enrolled were acts taken in retaliation for his litigating this lawsuit.

Plaintiff filed this "complaint addendum" before he had a chance to review the court's June 6, 2016, Order (doc. no. 66), which states that future attempts to add new matters to this case must be accompanied by a proper motion. Accordingly, the court construes the complaint addendum liberally as a request to add a retaliation claim to this case, based on incidents that occurred after he filed a complaint in this action. To determine if that request should be denied as futile, the court

applies the preliminary review standard that is set forth in the April 10, 2015, Report and Recommendation (doc. no. 10), which the court approved in its May 5, 2015, Order (doc. no. 17), in conjunction with the standard for evaluating motions to supplement, set forth in the June 6, 2016, Order (doc. no. 66).

A motion to supplement is the proper vehicle for seeking leave to add allegations of events that occurred after a pleading was filed, without altering the underlying issues or the identity of the parties. See Habitat Educ. Ctr. v. Kimbell, 250 F.R.D. 397, 401 (E.D. Wis. 2008). The retaliation claim at issue in the complaint addendum is based on a different legal theory than the Eighth Amendment claims that have been allowed to proceed in this case, and proving that claim would add new issues to this case. See generally Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) (setting forth legal standard for First Amendment retaliation claims). Further, nothing in the record suggests that the sole defendant here, James Azzara, would properly be named as a defendant to this new claim, or that adding this claim to the action would not alter the identity of the parties.

Finally, the timetable alleged in the complaint addendum (doc. no. 67) makes it clear that plaintiff did not grieve the claims at issue before he filed document no. 67. Plaintiff

2

cannot proceed at this time on claims that he has not first exhausted through the prison grievance process. See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); see also 42 U.S.C. § 1997e(a). Accordingly, the district judge should deny the request to supplement the pleadings in this case to add a First Amendment retaliation claim concerning events that are alleged to have occurred on June 2, 2016.

## Conclusion

For the foregoing reasons, the district judge should deny the request to add the factual allegations in document no. 67 to this action, to the extent plaintiff seeks to litigate a First Amendment retaliation claim arising out of those allegations in this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 11, 2016
cc: Matthew W. Peters, pro se
    Elizabeth A. Lahey, Esq.
    Lynmarie C. Cusack, Esq.