```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Matthew W. Peters

   v.                                      Civil No. 15-cv-025-LM

NH Department of Corrections,
Commissioner


# **O R D E R**

No objection having been filed, the court herewith approves the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated August 4, 2017, for the reasons set forth therein.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) ("[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal." (quoting Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Nevertheless, the court will briefly discuss one issue that was not highlighted in the Report and Recommendation: the fact that prison officials offered plaintiff protective custody when he informed them that he feared for his safety.  See doc. no. 102 at 5.  As a general matter, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability [for a deliberate-indifference claim

under the Eighth Amendment] if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 845 (1994). In determining whether prison officials responded reasonably to a risk to an inmate's health or safety, courts have considered the fact that officials offered protective custody to the inmate. See, e.g., Walls v. Tadman, 762 F.3d 778, 783 (8th Cir. 2014); Dale v. Poston, 548 F.3d 563, 570 (7th Cir. 2008); Nolen v. Goord, 218 F. App'x 41, 43 (2d Cir. 2007).

In moving for summary judgment, however, defendant did not expressly argue that this fact negated plaintiff's claim of deliberate indifference, nor did he submit evidence to show that protective custody was a reasonable response to the risk of harm that plaintiff faced. Nor did defendant argue that he was entitled to qualified immunity. Rather, defendant mentioned qualified immunity, almost as an after-thought, in his reply brief. See doc. no. 94 at 4. On the question of whether defendant's offering protective custody to plaintiff (and plaintiff's refusal to accept the offer) constitutes deliberate indifference, only plaintiff presented evidence. Specifically, plaintiff submitted affidavits that tend to show that protective custody would have been inadequate to protect his safety. See doc. no. 93 at 12-14. Given the state of the record, the nature

of the parties' arguments on summary judgment, and the absence of any objection to the Report and Recommendation, the court declines to consider the issue, and takes no position as to the issue's bearing, if any, on the merits of plaintiff's claim. See Sch. Union No. 37, 617 F.3d at 564.

Accordingly, the Report and Recommendation having been approved, the clerk's office shall schedule a case management conference to, among other things, set new trial dates. See doc. no. 102 at 19.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 14, 2017

cc:  Lynmarie C. Cusack, Esq.
     Francis Charles Fredericks, Esq.
     Seth J. Hipple, Esq.
     Elizabeth A. Lahey, Esq.
     Stephen T. Martin, Esq.

3